**LANUM, Plaintiff-Appellant, v. BEATTY, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 542.   Decided March 5, 1955.

Robert Dow Hamilton, Columbus, for plaintiff-appellant.
Robert H. Wead, Philip Aultman, Xenia, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court entered upon a directed verdict. Appellant had appealed from an order of the Industrial Commission disallowing appellant's claim upon re-hearing for the reason that claimant was not an employee of J. L. Beatty, aka Roy Beatty, in the course of the alleged employer's usual trade or business.

Although the transcript of the testimony taken on the re-hearing was not read to the jury and there was no motion for directed verdict, the Court acting on its own motion, so directed the verdict.

Although this was somewhat irregular, it does not change the ultimate question, namely, whether the record offers any proof whatever of the essential that the appellant at the time of his injury was in the employ of J. L. Beatty in the course of his usual trade or business.

We have read the record in its entirety and find no proof whatever from which it may be inferred that the work which appellant testifies he was doing when he was injured was in the usual course of the occupa-

tion of his employer. The evidence is meager as to the purpose in tearing down the barn and as to its ownership. There is some evidence from which it could be inferred that the barn was owned by Mr. Beatty, although he did not own the land upon which it stood. However, Mr. Beatty was engaged in the business of farming two miles from the place where applicant was employed, there is no showing that this barn, standing or torn down, was, ever had been, or was intended to be, used in connection with Mr. Beatty's farming operation.

In the situation developed, under the second syllabus of **State ex rel. Bentman, Attorney General v. Christen, 128 Oh St 56**, the appellant produced no evidence on all material elements of his case which would have required it to be presented to the jury for verdict.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.